IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAX ORTEGA III,

    Plaintiff,

                              Case No: 1:21-cv-00728 RB-JHR

WILLIAM EDGMAN,
LOUISE LOPEZ,
NEW MEXICO CORRECTIONS
DEPARTMENT, and DOES (1-50),

    Defendants.

### DEFENDANT LUIS[1] LOPEZ'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Luis Lopez ("**Lopez**"), by and through his counsel, Sutin, Thayer & Browne, APC (Mariposa Padilla Sivage and Noe Astorga-Corral), hereby answer the *First Amended Complaint* ("**First Amended Complaint**") filed by Plaintiff Max Ortega III ("**Plaintiff**") as follows:

### NATURE OF ACTION

1. Lopez denies the allegations in Paragraph 1 of the First Amended Complaint.

2. Lopez states that the *Order Granting State's Motion to Review Conditions of Release and Transfer of Prisoner to the Penitentiary* (the "**Safekeeping Order**"), entered on October 29, 2018, by the state district court judge, Emilio J. Chavez, of the Eighth Judicial District Court in a case styled *State of New Mexico v. Max Ortega, III*, D-809-CR-2018-0069, speaks for itself. Any allegations in Paragraph 2 of the First Amended Complaint that are inconsistent with the Safekeeping Order are hereby denied by Lopez. Lopez admits that the Safekeeping Order was

---

[1] Defendant Luis Lopez is misnamed as "Louise" Lopez in Plaintiff's First Amended Complaint.

1

entered while Plaintiff was awaiting trial for criminal charges in a state district court in Raton, New Mexico and that Plaintiff was transferred to the New Mexico Corrections Department for housing pursuant to that Safekeeping Order. Any allegations in Paragraph 2 of the First Amended Complaint that are inconsistent with the foregoing sentence are hereby denied. Lopez further states that NMSA 1978 § 33-3-15 speaks for itself. Any allegations in Paragraph 2 of the First Amended Complaint that are inconsistent with NMSA 1978 § 33-3-15 and/or any case law interpreting NMSA 1978 § 33-3-15 are hereby denied.

3.     Lopez denies the allegations in Paragraph 3 of the First Amended Complaint.

4.     Lopez admits that Plaintiff arrived at the Central New Mexico Correctional Facility in Los Lunas, New Mexico in December 2018. Lopez, however, denies the remainder of the allegations contained in Paragraph 4 of the First Amended Complaint.

5.     Lopez states that the alleged October 18, 2019, Santa Fe New Mexican article referred to in Paragraph 5 of the First Amended Complaint speaks for itself. All allegations in Paragraph 5 of the First Amended Complaint inconsistent with the alleged October 18, 2019, Santa Fe New Mexican article are hereby denied. Further, Lopez denies that any statements made in the alleged October 18, 2019, Santa Fe New Mexican article amounted to an admission of any wrongdoing by Lopez.

6.     Lopez denies the allegations contained in Paragraph 6 of the First Amended Complaint.

## PARTIES

7.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations concerning Plaintiff's citizenship and therefore denies the same. Lopez admits so much of the allegations contained in Paragraph 7 of the First Amended Complaint that Plaintiff was

housed at Central New Mexico Correctional Facility sometime in December 2018 while awaiting trial in state court. Lopez denies the remainder of the allegations contained in Paragraph 7 of the First Amended Complaint.

8.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 8 of the First Amended Complaint and therefore denies the same.

9.     Lopez admits so much of the allegations contained in Paragraph 9 of the First Amended Complaint that he is employed by NMCD, that he is the unit manager in the Restrictive Housing Unit where Plaintiff was held, that he is a citizen of New Mexico, that he had managerial responsibility for the Restrictive Housing Unit at CNMCF, and that Plaintiff is suing him in his personal and official capacities. Lopez denies the remainder of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.    Lopez admits the allegations contained in Paragraph 10 of the First Amended Complaint. Lopez, however, states that all claims against the New Mexico Corrections Department have been dismissed by the Court. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

11.    Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 11 of the First Amended Complaint and therefore denies the same.

12.    Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in in Paragraph 12 of the First Amended Complaint and therefore denies the same.

## JURISDICTION

13.    Lopez admits the allegations in Paragraph 13 of the First Amended Complaint.

14.    Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 14 of the First Amended Complaint and therefore denies the same.

15.     Lopez denies the allegations contained in Paragraph 15 of the First Amended Complaint. Lopez states that venue is proper in the United States District Court for the District of New Mexico.

16.     Lopez admits the allegations in Paragraph 16 of the First Amended Complaint. Lopez, however, states that all tort claims have been dismissed by the Court. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

## ALLEGATIONS

17.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 17 of the First Amended Complaint and therefore denies the same.

18.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 18 of the First Amended Complaint and therefore denies the same. Lopez further states that "American Civil Liberties Union of New Mexico, *Solitary Confinement in New Mexico, a Review of Policies, Practices, & Inmate Experiences in Isolation*, February 2019, at 57" speaks for itself but is not binding or persuasive authority for this case nor does it have any evidentiary value.

19.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 19 of the First Amended Complaint and therefore denies the same. Lopez further states that the alleged "ACLU study" speaks for itself but is not binding or persuasive authority for this case nor does it have any evidentiary value.

20.     The allegations contained in Paragraph 20 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Lopez states that "the Restricted Housing Act, NM Stat. § 33-16-1 *et seq*." speaks for itself and any allegations

in Paragraph 20 of the First Amended Complaint that are inconsistent with "the Restricted Housing Act, NM Stat. § 33-16-1 *et seq*." are hereby denied.

21.     Lopez states that the "New Mexico Corrections Department Policy CD-41500, 8-23-19 revision, at 3" speaks for itself. Any allegations in Paragraph 21 of the First Amended Complaint that are inconsistent with "New Mexico Corrections Department Policy CD-41500, 8-23-19 revision, at 3" are hereby denied.

22.     Lopez states that the "New Mexico Corrections Department Policy CD-41500, 8-23-19 revision," at 2, speaks for itself. Any allegations in Paragraph 22 of the First Amended Complaint that are inconsistent with "New Mexico Corrections Department Policy CD-41500, 8-23-19 revision," at 2 are hereby denied.

23.     Lopez states that "NMCD Policy CD-090101.C" speaks for itself. Any allegations in Paragraph 23 of the First Amended Complaint that are inconsistent with "NMCD Policy CD-090101.C" are hereby denied.

24.     Lopez states that "NMCD Policy CD-090101.C" speaks for itself. Any allegations in Paragraph 24 of the First Amended Complaint that are inconsistent with "NMCD Policy CD-090101.C" are hereby denied.

25.     Lopez denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 26 of the First Amended Complaint and therefore denies the same.

27.     Lopez denies the allegations in Paragraph 27 of the First Amended Complaint.

28.     Lopez admits the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Lopez states that the Safekeeping Order speaks for itself. Any allegations in Paragraph 29 of the First Amended Complaint that are inconsistent with the Safekeeping Order are hereby denied.

30.     Lopez admits so much of the allegations contained in Paragraph 30 of the First Amended Complaint that Plaintiff arrived at Central New Mexico Correctional Facility sometime in December 2018. Lopez, however, denies the remainder of the allegations in Paragraph 30 of the First Amended Complaint.

31.     Lopez denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Lopez states that NMCD Policy CD-141500 speaks for itself. Any allegations in Paragraph 32 of the First Amended Complaint that are inconsistent with NMCD Policy CD-141500 are hereby denied. Lopez lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 32 of the First Amended Complaint and therefore denies the same.

33.     Lopez denies the allegations in Paragraph 33 of the First Amended Complaint.

34.     Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 34 of the First Amended Complaint and therefore denies the same.

35.     Lopez states that the alleged "the first quarterly report" speaks for itself. Any allegations in Paragraph 35 of the First Amended Complaint that are inconsistent with "the first quarterly report" are hereby denied.

36.     Lopez states that "the first quarterly report" speaks for itself. Any allegations in Paragraph 36 of the First Amended Complaint that are inconsistent with "the first quarterly report" are hereby denied.

37. Lopez states that "the report" speaks for itself. Any allegations in Paragraph 37 of the First Amended Complaint that are inconsistent with "the report" are hereby denied.

38. Lopez states that "NMCD Policy DC-141500" speaks for itself. Any allegations in Paragraph 38 of the First Amended Complaint that are inconsistent with "NMCD Policy DC-141500" are hereby denied.

39. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 39 of the First Amended Complaint and therefore denies the same.

40. Lopez states that "Phaedra Haywood, *Report examines solitary confinement in New Mexico*, Santa Fe New Mexican (Oct. 17, 2019)" speaks for itself. Any allegations in Paragraph 40 of the First Amended Complaint that are inconsistent with "Phaedra Haywood, *Report examines solitary confinement in New Mexico*, Santa Fe New Mexican (Oct. 17, 2019)" are hereby denied.

41. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 41 of the First Amended Complaint and therefore denies the same.

42. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 42 of the First Amended Complaint and therefore denies the same.

43. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 43 of the First Amended Complaint and therefore denies the same.

44. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 44 of the First Amended Complaint and therefore denies the same.

45. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 45 of the First Amended Complaint and therefore denies the same.

46.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 46 of the First Amended Complaint and therefore denies the same.

47.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 47 of the First Amended Complaint and therefore denies the same.

48.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 48 of the First Amended Complaint and therefore denies the same.

49.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 49 of the First Amended Complaint and therefore denies the same.

50.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 50 of the First Amended Complaint and therefore denies the same.

51.	Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 51 of the First Amended Complaint and therefore denies the same.

52.	Lopez denies the allegations in Paragraph 52 of the First Amended Complaint.

53.	Lopez denies the allegations in Paragraph 53 of the First Amended Complaint.

54.	Lopez denies the allegations in Paragraph 54 of the First Amended Complaint.

55.	Lopez denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.	Lopez states that "NMCD Policy CD-083100" speaks for itself. Any allegations in Paragraph 56 of the First Amended Complaint that are inconsistent with "NMCD Policy CD-083100" are hereby denied.

57.	Lopez denies the allegations in Paragraph 57 of the First Amended Complaint.

58.	Lopez denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 59 of the First Amended Complaint and therefore denies the same.

60. Lopez denies the allegations in Paragraph 60 of the First Amended Complaint.

61. Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 61 of the First Amended Complaint and therefore denies the same.

62. Lopez states that NMCD Policy "CD-150500" speaks for itself. Any allegations in Paragraph 62 of the First Amended Complaint that are inconsistent with NMCD Policy "CD-150500" are hereby denied.

63. Lopez states that "NMCD Policy CD-143500" speaks for itself. Any allegations in Paragraph 63 of the First Amended Complaint that are inconsistent with "NMCD Policy CD-143500" are hereby denied.

64. Lopez states that "NMCD Policy CD-141500" speaks for itself. Any allegations in Paragraph 64 of the First Amended Complaint that are inconsistent with "NMCD Policy CD-141500" are hereby denied.

65. Lopez denies the allegations in Paragraph 65 of the First Amended Complaint.

## FIRST CAUSE OF ACTION

**Intentional Deprivation of Rights Guaranteed by the New Mexico Constitution; against all Defendants**

66. Lopez incorporates his answers to paragraphs 1-65 of the First Amended Complaint as if fully restated herein.

67. Lopez states that the Court has dismissed Plaintiff's First Cause of Action ("**Count I**") and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

68. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

69. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

70. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

71. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

72. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

73. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

74. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

75. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

76. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

77. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

78. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

79. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

80. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

81. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

82. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

83. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

84. Lopez states that the Court has dismissed Plaintiff's Count I and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

## SECOND CAUSE OF ACTION

**Negligent Deprivation of Rights Guaranteed by thee New Mexico Constitution; against all Defendants**

85. Lopez incorporates his answers to paragraphs 1-84 of the First Amended Complaint as if fully restated herein.

86. Lopez states that the Court has dismissed Plaintiff's Second Cause of Action ("**Count II**") and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

87. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

88. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

89. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

90. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

91. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

92. Lopez states that the Court has dismissed Plaintiff's Count II and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

**THIRD CAUSE OF ACTION**

**False imprisonment under the Tort Claims Act; against all Defendants**

93. Lopez incorporates his answers to paragraphs 1-92 of the First Amended Complaint as if fully restated herein.

94. Lopez states that the Court has dismissed Plaintiff's Third Cause of Action ("**Count III**") and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

95. Lopez states that the Court has dismissed Plaintiff's Count III and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

96. Lopez states that the Court has dismissed Plaintiff's Count III and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

97. Lopez states that the Court has dismissed Plaintiff's Count III and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

98. Lopez states that the Court has dismissed Plaintiff's Count III and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

## FOURTH CAUSE OF ACTION

**Negligent Maintenance of a Building under the Tort Claims Act; against all Defendants**

99. Lopez incorporates his answers to Paragraphs 1-98 of the First Amended Complaint as if fully restated herein.

100. Lopez states that the Court has dismissed Plaintiff's Fourth Cause of Action ("**Count IV**") and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

101. Lopez states that the Court has dismissed Plaintiff's Count IV and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

102. Lopez states that the Court has dismissed Plaintiff's Count IV and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

103. Lopez states that the Court has dismissed Plaintiff's Count IV and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

104. Lopez states that the Court has dismissed Plaintiff's Count IV and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

105. Lopez states that the Court has dismissed Plaintiff's Count IV and therefore no response is required. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

## FIFTH CAUSE OF ACTION

**42 U.S.C. § 1983 – Violation of the Fourteenth and Eight Amendments; against Edgman, Lopez, and Doe Defendants**

106. Lopez incorporates his answers to Paragraphs 1-105 of the First Amended Complaint as if fully restated herein.

107. The allegations in Paragraph 107 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 107 of the First Amended Complaint and therefore denies the same.

108. Lopez denies the allegations in Paragraph 108 of the First Amended Complaint.

109. Lopez denies the allegations in Paragraph 109 of the First Amended Complaint.

110. Lopez denies the allegations in Paragraph 110 of the First Amended Complaint.

111. The allegations in Paragraph 111 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Lopez denies the allegations in Paragraph 111 of the First Amended Complaint.

112. Lopez denies the allegations in Paragraph 112 of the First Amended Complaint.

113. Lopez states that the Court has dismissed any claim for any alleged violations of the Eighth Amendment and therefore no response is required to Paragraph 113 of the First Amended Complaint. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

114. Lopez states that the Court has dismissed any claim for any alleged violations of the Eighth Amendment and therefore no response is required to Paragraph 114 of the First Amended Complaint. *See Memorandum Opinion and Order*, entered March 16, 2022 (Doc. 10).

115. Lopez denies the allegations contained in Paragraph 115 of the First Amended Complaint.

116.    Lopez denies the allegations contained in Paragraph 116 of the First Amended Complaint.

117.    Lopez denies the allegations contained in Paragraph 117 of the First Amended Complaint.

## JURY DEMAND

118.    Lopez lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations in Paragraph 118 of the First Amended Complaint and therefore denies the same.

## GENERAL DENIAL

To the extent that any of the allegations contained in Plaintiff's First Amended Complaint, including but not limited to prayers for judgment and award of damages, have not been sufficiently admitted, answered, explained or denied, that are here and now denied as if specifically denied by Lopez.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Lopez complied with his obligations under the law, and acted in good faith, with justification and in a reasonable manner.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff was injured or damaged as alleged in the First Amended Complaint, which is specifically denied, such injuries or damages were proximately caused by the contributory negligence, comparative negligence, or fault of individuals, entities or parties other than Lopez for which Lopez may not be held liable.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff was injured or damaged as alleged in the First Amended Complaint, which is specifically denied, such injuries or damages were caused by and were the result of an independent, intervening or superseding cause for which Lopez is not liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to utilize the grievance procedure and failed to exhaust administrative remedies as required by 42 U.S.C. § 1997 (e), NMSA 1978, § 33-2-1 1(B) (1990) and other applicable law and therefore Plaintiff's claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any harm or damages, which Lopez denies, Lopez's actions were not the proximate or sole cause of the injuries and damages alleged.

### SIXTH AFFIRMATIVE DEFENSE

If the evidence supports the affirmative defense of failure to mitigate, Lopez will assert that Plaintiff failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Lopez are barred in whole or in part by the doctrines of absolute and/or qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's suit is barred in whole or in part by, and is subject to limitations contained in, the Prison Litigation Reform Act.

## NINTH AFFIRMATIVE DEFENSE

Lopez's actions were not motivated by an evil motive or intent, nor did any of his conduct result in reckless or callous indifference to the rights of Plaintiff, thereby precluding any claim for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was placed in the Restrictive Housing Unit for a legitimate governmental purpose that did not include punishment.

## ELEVENTH AFFIRMATIVE DEFENSE

Lopez had no personal involvement in housing, classifying, maintaining, and/or keeping Plaintiff in the Restrictive Housing Unit while Plaintiff awaited trial, nor did Lopez have any control over Plaintiff being housed, classified, maintained, or kept in the Restrictive Housing Unit while Plaintiff awaited trial.

Lopez states that he does not know which, if any, additional affirmative defenses may apply. Lopez has neither knowingly nor intentionally waived any applicable affirmative defenses. If Lopez later learns that additional affirmative defenses may apply, he will seek leave to amend his Answer to raise such other affirmative defenses. Lopez specifically reserves the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered the First Amended Complaint, Lopez respectfully requests that this Court dismiss the First Amended Complaint with prejudice, and for other such relief that the Court deems just and proper.

        Respectfully Submitted,

        SUTIN, THAYER & BROWNE, APC

By: */s/ Mariposa Padilla Sivage*
      Mariposa Padilla Sivage
      Noe Astorga-Corral
      P.O. Box 1945
      Albuquerque, NM 87103
      Telephone: (505) 883-3433
      Facsimile: (505) 855-9520
      mps@sutinfirm.com
      nxa@sutinfirm.com
      *Attorneys for Defendant Luis Lopez*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of April 2022, a true and accurate copy of the foregoing was served via email to the following:

Todd J. Bullion
300 Central Ave SE
Suite #1000E
Albuquerque, NM 87102
505-452-7674
Email: todd@bullionlaw.com

—and —

Gubernick Law P.L.L.C
BENJAMIN GUBERNICK
10720 W. Indian School Rd
Ste. 19 PMB 12
Phoenix, AZ 85037
734-678-5169
Email: Ben@gubernicklaw.com

By: */s/ Mariposa Padilla Sivage*
    Mariposa Padilla Sivage

6282208