IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAX ORTEGA III,**

      **Plaintiff,**

v.

      No. CIV 21-0728 RB/JHR

**WILLIAM EDGMAN, LOUISE LOPEZ,
NEW MEXICO CORRECTIONS DEPARTMENT,
and DOES (1–50),**

      **Defendants.**

**PLAINTIFF'S MOTION TO STRIKE EXHIBITS ACCOMPANYING "DEFENDANT LUIS LOPEZ'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR STAY AND MEMORANDUM IN SUPPORT THEREOF ON THE BASIS OF QUALIFIED IMMUNITY"**

Plaintiff Max Ortega III, by and through his attorneys of record, Gubernick Law, P.L.L.C. (Benjamin Gubernick), and the Law Office of Todd J. Bullion (Todd Bullion), motion to strike exhibits filed by Luis Lopez ("Defendant") in support of "Defendant Luis Lopez's Motion for Summary Judgment and Request for Stay and Memorandum in Support Thereof on the Basis of Qualified Immunity" ("Motion for Summary Judgment") (Doc 21). The exhibits submitted by Defendant in support of his Motion for Summary Judgment fail to meet the minimum standards set forth in Federal Rule of Civil Procedure 56(c).

## INTRODUCTION

The Court need not reach the merits of Defendant's Motion for Summary Judgment. (Doc. 21). That is because the exhibits Defendant has submitted in support of his motion fall far short of the minimum standards mandated by Rule 56(c). Of the eleven exhibits Defendant submitted, only one, Exhibit C, is authenticated by seal and signature. As to the others, no witness—let alone a witness with personal knowledge—has submitted an affidavit attesting to their authenticity. Moreover, many of Defendant's exhibits are rife with hearsay statements that would be inadmissible if offered at trial. Those statements cannot be considered as presented by Defendant.

Defendant's Motion for Summary Judgment does not attempt to lay foundation for its exhibits or offer any argument for the exhibits' authenticity. Instead, in a mere footnote, Defendant asks the Court to do Defendant's work for him through a request for judicial notice. (Doc. 21 at 3-4). The Court should decline Defendant's invitation and instead strike all exhibits except Exhibit C. The Court should also strike any purported undisputed material fact referencing hearsay statements.

Nonetheless, should the Court decide not to strike Defendant's exhibits and Defendant's use of hearsay, Plaintiff responds to Defendant's Motion for Summary Judgment in the alternative in his concurrently filed pleading "Plaintiff's Response in Opposition to 'Defendant Luis Lopez's Motion for Summary Judgment and Request for Stay and Memorandum in Support Thereof on the Basis of Qualified Immunity".

**I.      Legal Background**

**A. Per Rule 56(c), summary judgment evidence must be admissible.**

A party moving for summary judgment bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. The Federal Rules of Civil Procedure lay out the process the moving party must follow:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A) and (B).

The District of New Mexico has recognized that Rule 56(c) "does not require that the evidence submitted at summary judgment be in a form that would be admissible at trial[.]" *Klaus v. Vill. of Tijeras*, No. CV 20-1105 JFR/KK, 2022 WL 1645947, at *6 (FN 13) (D.N.M. May 24,

2022) (citations, quotation marks, and brackets omitted). However, "the content or substance of the evidence submitted at summary judgment must be admissible." *Id*. Additionally, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) cmt. 2010 amendment; *Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1322 (D.N.M. 2012) ("Rule 56(c)(2) and the explanatory notes clearly place the burden on the proponent of the evidence to explain its admissibility.").

### B. Summary judgment evidence must be properly authenticated.

"Documentary evidence submitted in support of summary judgment *must* either be properly authenticated or self-authenticating under the Federal Rules of Evidence." *Turner v. Metro. Prop. & Cas. Ins. Co.*, 2022 WL 1321201, at *2 (N.D. Okla. May 3, 2022) (emphasis added). Thus, "[u]nauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion." *Danaher v. Wild Oats Markets, Inc.*, 779 F. Supp. 2d 1198, 1205–06 (D. Kan. 2011) (citing *Bell v. City of Topeka, Kan.,* 496 F.Supp.2d 1182, 1184–85 (D.Kan.2007) (citations omitted)); *Ortiz v. Wingard*, 173 F. Supp. 2d 1155, 1163 (D.N.M. 2001) ("Materials that do not measure up to the standards of Rule 56 are subject to a motion to strike.")

Domestic public documents are self-authenticating if sealed and signed or if signed and certified. *See* Rule 902(1)-(2). Additionally, certified copies of public records are also self authenticating. *See* Rule 902(4). However, "[m]erely signing a pleading as the attorney" does not suffice. *In re Mendez*, No. BKR. 7-07-11092 SA, 2010 WL 1233801, at *2 (Bankr. D.N.M. Mar. 22, 2010).

### C. Judicial notice does not allow for admission of hearsay.

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts. However, that extends only to information that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). "The overarching concern with taking notice of judicial records for 'the truth of the matter asserted' is the improper admission of hearsay." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) *citing* Fed. R. Evid. 801(c)

("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence *to prove the truth of the matter asserted* in the statement." (emphasis added)). "Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation and quotation marks omitted). *See also*, *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (internal quotation marks omitted)).

## ARGUMENT

Except for Exhibit C, "[n]one of [Defendant's] exhibits have been authenticated by nor attached to affidavits and there has been no showing as to admissibility." *Ortiz*, 173 F. Supp. at 1163. They are "not admissible on summary judgment." *Id*. Accordingly, Plaintiff's motion to strike should be granted.

***Defendant's Exhibit A.* (Doc. 21, Ex. A).**

Defendant offers a ten-page document purporting to be a police report from the Colfax County Sheriff's Office. The exhibit contains handwritten notations on several pages, and Plaintiff's last name is misspelled on the exhibit's fifth page. The exhibit is not sealed, signed, certified, or otherwise authenticated by affidavit, through a deposition, or by any witness.

Moreover, Defendant's judicial notice request cannot cure Exhibit A's foundational defects. That is because "the Police Report is not subject to judicial notice." *Ormrod v. Hubbard Broad., Inc.*, 2018 WL 1444857, at *12 (D.N.M. Mar. 22, 2018). Judicial notice extends only to information that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The information contained in Exhibit A is not common knowledge in this Court's territorial jurisdiction. Likewise, "the facts in the Police Report are not 'accurately and readily determined from sources whose accuracy cannot be reasonably

4

questioned,' because one can reasonably question the police officer or the sources that he or she used in writing the Police Report." *Ormrod*, 2018 WL 1444857 at *12.

Moreover, the statements contained in the police report are rank hearsay. Defendant appears to offer Exhibit A to establish that Plaintiff committed crimes. In other words, Defendant is offering the allegations in the reports for their truth. Although Defendant may try to argue in reply that he is offering Exhibit A for their affect upon the listener, the summary judgment motion does not even suggest that Defendant—or any other New Mexico Corrections Department employee—ever saw Exhibit A.

For all the above reasons, the Court should strike Exhibit A.

***Defendant's Exhibit B, F, G, H, I, J, K, L***. **(Doc. 21, Exs. B, F, G, H, I, J, K, L).**

Exhibits B, F, G, H, I, J, K, and L are docket entries from *State of New Mexico v. Max Ortega*, III, D-809-CR-2018-00069, a state court case in Colfax County district court. Plaintiff objects to Defendant's use of Exhibits B, F, G, H, I, J, K and L because: (1) the documents are not properly authenticated; and (2) Defendant fails to specify which adjudicative facts its request for judicial notice encompasses; and (3) to the extent that Defendant asks the court to take judicial notice of the documents' contents, that request is improper and warrants denial.

First, none of the exhibits are authenticated by seal, signature, or certification, or are otherwise authenticated by affidavit, through a deposition, or by any witness. That defect is fatal. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent *must* produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Emphasis added)). For that reason, they should be excluded from consideration on summary judgement.

Second, it was Defendant's burden as movant to supply the court with the sufficient information to support a request for judicial notice. Defendant skips that step. Defendant—through a footnote in his motion—demands that the Court admit entire documents but fails to specify which adjudicative facts he seeks admitted. (Doc. 21 at 3-4). That does not suffice. "A court must also consider—and identify—which fact or facts it is noticing. … Just because the document itself is

susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). *See also*, *In re Hillard Dev. Corp.*, 238 B.R. 857, 864 (Bankr. S.D. Fla. 1999) (request for judicial notice of summary judgment evidence denied where "counsel failed to specify particular facts to be noticed").

Finally, Defendant's request for judicial notice extends well beyond the limited purpose of recognizing another court's judicial acts. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). For example, Exhibit B is a motion filed by the State of New Mexico requesting review of Plaintiff's release conditions—an adversarial pleading, not a court order.

In summary, Defendant falls well short of his burden with regard to Exhibits B, F, G, H, I, J, K, and L. They should be stricken.

**Defendant's Exhibit D**. **(Doc. 21, Ex. D).**

Exhibit D is a document titled "New Mexico Corrections Department." The subheading reads "Receipt of State Prisoner." The document appears to be a form, which is partially filled in by hand. The document contains an illegible signature above "Identification Supervisor" and illegible handwritten notations in the top-left corner. The document is not authenticated by seal, signature, or certification, or otherwise authenticated by affidavit, through a deposition, or by any witness. To the extent Defendant contends Exhibit D is a business record (and Defendant's Motion for Summary Judgment makes no such contentions), the document is not accompanied by any certification from a records custodian. Moreover, Exhibit D is, plainly, not self-authenticating.

Exhibit D also appears to contain Plaintiff's full, unredacted social security number, in direct violation of Federal Rule of Civil Procedure 5.2(a). That alone warrants striking Exhibit D. *See Taitz v. Astrue*, 2011 WL 3039167, at *1 (D.D.C. July 25, 2011) (a motion to strike "promptly granted due to … failure to comply with Federal Rule of Civil Procedure 5.2(a)(1), which requires that only the last four digits of a social security number are to be filed with the Court."). *See also*, *Allstate Ins. Co. v. Linea Latina De Accidentes, Inc.*, 2010 WL 5014386, at *2 (D. Minn. Nov. 24,

2010) (counsel's "failure to take seriously the interests protected by Rule 5.2(a)" was "extremely concerning").

### *Defendant's Exhibit E*. **(Doc. 21, Ex. E).**

Exhibit E is a document titled "Safekeeping of County Jail Inmates." The documents lists and effective date, reviewed date, and revised date. It is unknown whether the policy set forth in this document was in effect at the time Plaintiff was incarcerated, or had been superseded. This document is not authenticated by seal, signature, or certification, or otherwise authenticated by affidavit, through a deposition, or by any witness. Exhibit E is unaccompanied by any certification from a records custodian and the document is not self-authenticating.

Even if Defendant had properly authenticated Exhibit E, the portion of Exhibit E Defendant has highlighted and references in his motion is hearsay outside any exception. The document should be excluded.

### *Defendant's Exhibit K.* **(Doc. 21, Ex. K).**

Defendant seeks to admit a courtroom log of a hearing that purportedly occurred in Colfax County District Court. But the document contains a notice indicating that "[t]his log is not the official record of proceedings" and that the log "is NOT a verbatim record of the proceedings." The document is not authenticated by seal, signature, or certification, or is otherwise authenticated by affidavit, through a deposition, or by any witness. Exhibit K is not accompanied by any certification from a records custodian and the document is not self-authenticating. *Cf. Fields v. Baseline Properties, LLC*, No. CIV-19-864-D, 2020 WL 10790293, at *2 (W.D. Okla. July 10, 2020) ("Although Rule 56 authorizes papers other than affidavits to be used for summary judgment purposes, the alleged permit application is submitted without explanation or authentication, and is simply an unverified copy of an unidentified record."). And even if the log was authenticated, its contents would still be inadmissible hearsay. Exhibit K should be struck.

## CONCLUSION

For the foregoing reasons, the Court should strike all exhibits except for Exhibit C, and strike from Defendant's motion all undisputed material facts that cite the excluded exhibits.

Respectfully submitted,

/s/ Benjamin Gubernick
Benjamin Gubernick
Gubernick Law, P.L.L.C.
10720 W. Indian School Rd.
Ste. 19 PMB 12
Phoenix, AZ 85037
623-252-6961
Ben@gubernicklaw.com

/s/ Todd J Bullion
Todd J. Bullion
Law Office of Todd J. Bullion
4811 Hardware DE Ne
Bldg D, Ste 5
Ste. l000E
(505) 452-7674
Todd@bullionlaw.com