IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAX ORTEGA III,**

      **Plaintiff,**

                                    Case No: 1:21-cv-00728 RB-JHR

**WILLIAM EDGMAN,**
**LOUISE LOPEZ,**
**NEW MEXICO CORRECTIONS**
**DEPARTMENT, and DOES (1-50),**

      **Defendants.**

**DEFENDANT LUIS LOPEZ'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR STAY AND MEMORANDUM IN SUPPORT THEREOF ON THE BASIS OF QUALIFIED IMMUNITY**

      Defendant Luis Lopez, by and through his counsel of record, Sutin, Thayer & Browne, APC (Mariposa Padilla Sivage and John F.S. Stiff, Jr.) states for his Reply in Support of his Motion for Summary Judgment and Request for Stay and Memorandum in Support Thereof on the Basis of Qualified Immunity ("Motion") [Doc. 21]  as follows:

**INTRODUCTION**

      In his Motion, Defendant established that no genuine issue of material fact exists as to the only remaining Court in Plaintiff's Amended Complaint.  *See* [Doc. 21] Specifically, the undisputed material facts demonstrate that 1) Plaintiff cannot establish that Defendant's actions violated a constitutional or statutory right and  2) that the constitutional right allegedly violated was clearly established at the of the time of the conduct at issue.  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  Moreover, once qualified immunity is raised, Plaintiff bears the heavy burden of sowing that Defendant is not entitled to qualified immunity.  *Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018);

      Plaintiff's Response in Opposition to Defendant's Motion [Doc. 35] ("Response") fails to create any issue of disputed fact that would preclude summary judgment in Defendant's favor.  Specifically, Plaintiff's Response fails to establish a genuine dispute of  material fact that (1) Plaintiff suffered a

1

constitutional rights violation, and (2) the alleged violation of his rights was clearly established. Instead, Plaintiff attempts to create a dispute of material fact by relying on inadmissible and irrelevant evidence that does not establish a constitutional violation or violation of a clearly established right.  Conversely, Plaintiff in contradiction to clearly established Tenth Circuit law, attempts to classify the clearly established right as a general right of pretrial detainees to be free from "punishment".  Moreover, Plaintiff argues there was no penological purpose served by keeping Plaintiff in RHU between December 2018 and November 2019. He argues, without citation to any evidence creating a dispute of fact, that Defendant as unit manager of RHU, , exercised broad discretion over Plaintiff's conditions of confinement and that his confinement in RHU with minimum recreation time was an arbitrary form of punishment.

Plaintiff further argues he has a clearly established right as a "pretrial detainee" to be free from punishment.  Plaintiff fails to cite a single Tenth Circuit case or even cases from other jurisdictions, that demonstrate that Plaintiff as a county hold detainee should be exempted from NMCD policy concerning the housing of county inmates pursuant to safekeeping orders, or a clearly established right to be removed from RHU at any point while he was being housed at CNMCF. *See  Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018) (the Tenth Circuit usually requires "an applicable Supreme Court or Tenth Circuit opinion or the clear weight of authority from other courts treating the conduct as unconstitutional.".)  Plaintiff's response fails to create a dispute of fact related to the enforcement of NMCD Policies related to an inmate sent for housing under a county hold safekeeping order or as to whether Defendant had the discretion to remove Plaintiff from housing in RHU as a county inmate.  Moreover, Plaintiff's response fails to raise a genuine issue of material fact as to whether his housing in RHU under the Safekeeping Order amounted to punishment. Plaintiff has failed to create a genuine issue of material fact sufficient to overcome Defendant's qualified immunity defense and Defendant is entitled to summary judgment as a matter of law.

1. **PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED MATERIAL FACTS AND DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

Notably, in his Response, Plaintiff does not dispute the undisputed material facts 1-10, 12, 13, 16, 17, 18 or 19 as presented by Defendant, as such, the facts as presented are not disputed and summary judgment is warranted. *See* D.N.M. LR-Civ 56.1(b) ("[a]ll material facts set forth in the Memorandum [in support of a motion for summary judgment] will be deemed undisputed unless specifically controverted."); *see also Stevenson v. City of Albuquerque*, 446 F. Supp. 3d 806, 844 (D.N.M. 2020) (noting that summary judgment is proper where the nonmoving party is unable to provide specific facts showing a genuine dispute of material fact).

To the extent that Plaintiff disputes UMF No. 10, the statements provided do not create a dispute of fact, but conversely support the undisputed material facts that establish that Plaintiff was a county inmate in the custody of the county, being housed at an NMCD facility pursuant to NMSA 33-3-15 (stating any person in the **custody** of the sheriff of any county…be removed to the state penitentiary). Moreover, to the extent that Plaintiff partially disputes UMF No. 15, the dispute presented is not based on any admissible evidence and is thus insufficient to create a dispute of fact. *See* Fed. R. Civ. P. 56. Plaintiff has failed to provide any admissible evidence to support the notion that Defendant, as an NMCD employee was not required to follow NMCD policies. The restrictive housing policy cited by Plaintiff is inapplicable to county hold inmates and it is undisputed that NMCD policy CD-143500 is the only policy applicable to the housing of county inmates pursuant to a safekeeping order.

To the extent that the Court is inclined to consider Plaintiff's statement of additional undisputed material facts, Defendant does not disagree with Plaintiff statement of facts A-F, but states that they are irrelevant and immaterial to the resolution of Defendants Motion and do not create a dispute of fact sufficient to preclude summary judgment. Only disputes over facts that might affect the outcome of the suit under the governing law are material and will properly preclude the entry of summary

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) Factual disputes that are irrelevant or unnecessary will not be counted. *Id*.

It is undisputed that Plaintiff was a county jail inmate housed at CNMCF from December 21, 2018 through November 6, 2019. (UMFs 7-9); (Plaintiff's UMF D). It is further undisputed that on December 20, 2019, Plaintiff was ordered to the custody of NMCD, after his trial concluded, for the first relevant time. *See Interim J. and Sent. and O. for Sixty Day Diagnostic Report*, *State of New Mexico v. Max Ortega, III*, case number D-809-CR-2018-00069, Eighth Judicial District, State of New Mexico ("*State Docket*").

Defendant does not dispute Plaintiff's UMF F. The fact that Defendant would speak with Plaintiff almost every day and expressed Plaintiff was treated badly and that he was attempting to get Plaintiff out of RHU does not create a genuine issue of material fact, because it is undisputed that Defendant had no authority to change Plaintiff's conditions of confinement, but was trying to get the people who could effectuate a change to address it. *See* Argument, *infra*, § III, b; *see also*, **Exhibit A** attached hereto *8/5/19 and 8/6/19 emails*. Defendant was unable to persuade Colfax County District Attorney Consuelo Garcia to house Plaintiff at the Colfax County Detention Center. *Id*. Instead, Ms. Garcia instructed Colfax County Under Sheriff Leonard Baca to continue holding Plaintiff at CNMCF until resolution of his criminal trial. *Id.* It is also undisputed that Plaintiff, as a county hold, was placed in RHU for managerial and housing purposes. (UMFs 9-13). Plaintiff's UMF's G and H are irrelevant and immaterial to the resolution of the pending Motion and support Defendant's undisputed material facts that neither Defendant nor NMCD had the discretion to change Plaintiff's housing in RHU because he was a county inmate. The publication of the Santa Fe New Mexican article and the subsequent increase in Plaintiff's daily recreation time from one hour to two hours does not establish a genuine issue of material fact. It is undisputed that Defendant could not violate policy and had no authority to remove Plaintiff from RHU. Moreover, the fact that Defendant exercised the discretion he was able to related to Plaintiff's conditions of confinement, by increasing his recreational time by one hour per day, supports that fact that he had no authority to change Plaintiff's

housing in RHU and that such placement was for administrative, managerial and housing purposes. (UMFs 9, 11-13). Plaintiff's UMF I is not disputed and supports Defendant's entitlement to summary judgment. It is undisputed that once he was removed from CNCMF, Plaintiff was returned to the county and its custody until after his trial. *See Interim J. and Sent. and O. for Sixty Day Diagnostic Report*, S*tate Docket*. In sum, Plaintiff has failed to create a dispute of material fact to Defendant's entitlement to summary judgment on the basis of qualified immunity.

2. **ARGUMENT**

    A. **Plaintiff has failed to demonstrate a genuine issue of fact as to whether Defendant violated his 14th Amendment Rights**

The Due Process Clause protects a pretrial detainee only from being "punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The government, however, can detain a pretrial detainee "subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536-37. Notably, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id*. at 537. "The operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). "Maintaining institutional security and preserving internal order and discipline are essential goals . . . that may require limitation of retraction of the retained constitutional rights of . . . pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 521 (1979). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Colbruno v. Kessler*, 928 F.3d 1155, 1162–63 (10th Cir. 2019) (citing *Bell*, 441 U.S. at 535).

   i. It is undisputed that Defendant did not have an express intent to punish Plaintiff.

5

Plaintiff argues Defendant expressly punished Plaintiff by initially imposing minimum recreation time, keeping him in RHU, and only changing Defendant's conditions of confinement after publication of the Santa Fe New Mexican news article. [Doc. 35, Argument § I, A, 2]. Plaintiff's characterization that Defendant possessed "broad discretion" over Plaintiff's conditions of confinement is patently incorrect. As an NMCD employee, Defendant was required to follow policies and procedures stated in CD policy. (UMF's 10, 15). It is undisputed that Defendant was required to follow department policy. Discomforting restrictions reasonably related to legitimate government interest in orderly management of a corrections institution do not, without more, amount to unconstitutional punishment. *See Bell*, 441 U.S. at 539-40. It is undisputed that NMCD Policy CD-143501 states that NMCD institutions receiving county inmates "*will* segregate the inmate from the general population and place the inmate in Restrictive Housing status." UMF 12 (emphasis added). CD policy is rigidly applied. *Id.*; *see also Bell*, 441 U.S. at 546 ("maintaining institutional security and preserving internal order and discipline [in the prison context] are essential goals".). Moreover, Defendant is required to apply CD policy as a lawful directive. *See* NMSA 1978, § 33-1-6 (B) (The secretary of corrections shall adopt rules and regulations necessary for administration of the Corrections Act, and enforce and administer those so adopted.). It is undisputed that a state court judge entered the October 29, 2018 safekeeping order. (UMF 5); and that Plaintiff was a county jail inmate housed at an NMCD institution pursuant to that safekeeping order. (UMFs 5, 7, 9). Pursuant to CD policy, Defendant had no authority or discretion to house Plaintiff anywhere but in RHU. It is undisputed that Defendant exercised the only discretion he possessed related to Plaintiff by increasing Plaintiff's recreation time. Defendant did not remove Plaintiff from RHU after the article's publication on October 18, 2019. (*See* UMF I). Plaintiff instead remained in RHU through November 6, 2019 until the state court entered a Transport Order, at the request of the county prosecutor, for a November 7, 2019. (UMFs D, G); *see* 10/31/19 Transport Order, *State Docket*. Defendant did not remove Plaintiff from RHU because CD policy did not allow him to. (UMF 12). If Defendant had truly possessed broad discretion, he would have done

more than increase Plaintiff's recreation time by an hour following the article's publication. As such, Defendant did not expressly punish Plaintiff by continuing to house him in RHU and modifying the only condition of confinement he was permitted to. "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Bell* at 536-37. Here the undisputed material facts demonstrate the Defendant's actions were legitimate, based on NMCD policy and not intended to punish. As such, summary judgment is warranted.

> ii. *Plaintiff was housed in Restrictive Housing status for a legitimate government purpose.*

Plaintiff has failed to create a genuine issue of material fact that his conditions of confinement while in RHU bore no reasonable relationship to any legitimate government purpose. Instead, Plaintiff focuses on the unsupported and alleged "discretion" Defendant had over his conditions of confinement as illustrated by the increase in his recreation time from one hour to two shortly after publication of the Santa Fe New Mexican article to show his confinement in RHU was arbitrary and purposeless. [Doc. 35, p. 11-15].[1] This argument is without merit. Plaintiff admits and it is clearly undisputed that even with the increase in recreational time, Plaintiff was not moved out of RHU. (*See* UMF D). Moreover, it is undisputed that in accordance with NMCD policy, Defendant had no discretion or authority to move Plaintiff from RHU. (UMFs 10, 12, 15); [Doc. 21-5]. Plaintiff has failed to offer any evidence that would demonstrate any dispute of fact as to whether the government had a legitimate interest in housing Plaintiff in the RHU.

Legitimate government objectives include "ensuring a detainee's presence at trial," security, and the "need to manage the facility in which the individual is detained." *Bell* at 540. Thus, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons."

---

[1] Defendant's lack of discretion and the discretion over Plaintiff's conditions of confinement held by the Colfax County prosecutor, Colfax County Under Sheriff, and Plaintiff's criminal defense counsel is discussed in detail in Argument Section V.

*Peoples v. CCA Det. Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005), *opinion vacated in part on reh'g en banc, Peoples v. CCA Det. Centers*, 449 F.3d 1097 (10th Cir. 2006). The government also has legitimate operational interests in orderly management and maintenance of security at the correctional facility where pretrial detainees are housed. *Bell* at 540.

It is undisputed that Plaintiff was a county jail inmate at all relevant times. (UMFs 5-7, 9); (Doc. 21-3). The safekeeping order was entered in the interest of the "public welfare" and the "safe custody of the [criminal] defendant" by a state court judge. (UMFs 5, 7); (Doc. 21-3). It is undisputed that county jail inmates housed and managed at NMCD institutions for safekeeping are not within NMCD custody. (*See* UMFs 5-7, 11-13). As a county jail inmate, Plaintiff could not be classified and did not have a custody level until after he was convicted of the state court charges. (*See* UMFs 5, 6, 11-14); *See Interim J. and Sent. and O. for Sixty Day Diagnostic Report*, S*tate Docket*. It is undisputed that Plaintiff's segregation in RHU was mandatory while he was a pretrial detainee subject to a safekeeping order. (UMFs 5, 8, 9, 11, 12). It is also undisputed that Defendant had no authority or discretion to seek classification, or place Plaintiff anywhere but RHU. *Id.* Section 33-3-15 protects both the "public welfare" and the "safe custody of [the] prisoner". In an attempt to create a dispute of material fact, Plaintiff without citation to any admissible evidence, argues that NMCD policy CD-143500 acts as a "guideline" and that Defendant retained broad discretion in implementing the safekeeping policy. [Doc. 35, Argument § I (A)(1)-(2)]. Not only is Plaintiff's assertion incorrect, but unsubstantiated and conclusory statements based on speculation, conjecture, or surmise carry no probative weight in summary judgment proceedings. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Plaintiff's characterization that CD-143500 allows for broad discretion ignores the non-discretionary language contained within the policy that county jail inmates subject to a safekeeping order "will" be segregated from the general prison population in RHU and is based on conjecture and surmise. (UMF 12); [Doc. 21-5]. Plaintiff's argument that the safekeeping policy amounts to a discretionary guideline is conclusory and does not create a genuine dispute of material fact.

It is undisputed that CD policy mandates that the receiving institution *will* segregate county jail inmates from the general prison population in RHU. [Doc. 21-5] (emphasis added). No CD policy grants the receiving institution discretion to deviate from the confinement conditions for county jail inmates stated in the safekeeping policy. Plaintiff came to CNMCF on a county hold. (UMFs 5, 7). CD policy required segregation of Plaintiff in RHU. (UMFs 6, 9, 12); [Doc. 21-5]. Defendant was required to comply with the safekeeping policy because it is a CD policy that applied to all NMCD employees. (UMF 10); *see* **Ex. A**.. Plaintiff has failed to provide evidence or facts to overcome Defendant's showing that there are no genuine issues of material fact precluding summary judgment.

As a county jail inmate, Plaintiff was segregated from the general prison population for management, housing, and safety reasons. (UMFs 5, 6, 11-13). There are therefore legitimate government interests in segregating Plaintiff in RHU to: (1) ensure his presence at trial; (2) ensure county jail inmates are adequately managed; (3) maintain order at CNMCF; and (4) to ensure the safety of Plaintiff, county inmates, county employees, NMCD inmates and NMCD employees. Plaintiff has failed to present any evidence to overcome the undisputed facts in this instance or that demonstrate that the government had no legitimate interest in placing Plaintiff in RHU while he was on a county hold under a safekeeping order.

Plaintiff has failed to demonstrate the existence of a genuine issue of material fact that Defendant acted with an express intent to punish or that there were no legitimate government interests in Plaintiff's conditions of confinement. Summary judgment is, therefore, warranted.

### B. **Plaintiff has failed to demonstrate an issue of fact to show Defendant violated a clearly established right.**

Plaintiff bears a heavy burden in establishing violation of a clearly established constitutional right. *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018). The clearly established inquiry is dependent on the specific context of the case, not as a broad general proposition. *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308 (2015). A plaintiff may satisfy the clearly established law standard by identifying an on point Supreme Court or published Tenth Circuit decision that establishes the unlawfulness of the

9

defendant's conduct, or alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019).

Plaintiff does not cite to a Tenth Circuit or Supreme Court decision holding a prison administrator's conduct violates a **county inmate's** constitutional rights by prolonged placement in Restrictive Housing status pending resolution of the county inmate's underlying criminal proceedings. Plaintiff also fails to cite to any case that demonstrates a clearly established right to be exempted from NMCD policy concerning the housing of county inmates pursuant to safekeeping order, or clearly established right to be removed from RHU at any point while he was being housed at CNMCF. Neither does Plaintiff cite to the established weight of authority from other courts that found the law to be as Plaintiff maintains. Plaintiff instead cites to the general principle that Defendant violated Plaintiff's right to be free from punishment as a pre-trial county inmate when he failed to exercise his discretion to free him from Restrictive Housing status. (Doc. 35, Argument § I, A, 2). Likewise, we have been unable to locate precedent that demonstrates that Defendant had a duty to violate department policy and relocate Plaintiff from RHU, a right to be exempted from NMCD policy concerning the housing of county inmates pursuant to safekeeping order, a clearly established right to be removed from RHU, or that any of the actions of Defendant constituted impermissible punishment. *See e.g. Swanson v. Griffin et. al,* United States Ct. App. 10th Cir, Order and Judgment, issued on February 25, 2022, Case No.21-2034 at Doc. 010110649597.

The undisputed material facts demonstrate that Defendant had minimal discretion over Plaintiff's conditions of confinement and his placement in RHU while subject to a safekeeping order was mandatory per CD policy. (UMFs 7-12); [Doc. 21-5]; *see* **Ex. A.**. Plaintiff has failed to cite to any authority, let alone a decision from the Tenth Circuit or Supreme Court, holding that a prison administrator violates a the Fourteenth Amendment rights of a county jail inmate subject to a safekeeping order by segregating them in Restrictive Housing status for managerial purposes in accordance with a mandatory corrections department

policy. Plaintiff's characterization that Defendant subjected Plaintiff to punishment is overly general and not particularized to the facts of this matter or supported by any case law. *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019); *White v. Pauly*, 137 S. Ct. 548, 552 (2017). Plaintiff has therefore failed to produce authority sufficient to create genuine dispute of material fact that he suffered a violation of a clearly established right. *Cummings*, 913 F.3d at 1239. As such, qualified immunity and summary judgment are appropriate.

## CONCLUSION

For the above reasons, Defendant requests the Court grant Defendant Luis Lopez's Motion for Summary Judgment on the Basis of Qualified Immunity.

    Respectfully Submitted,

    SUTIN, THAYER & BROWNE, APC

    By: */s/ Mariposa Padilla Sivage*
    Mariposa Padilla Sivage
    John F. S. Stiff, Jr.
    P.O. Box 1945
    Albuquerque, NM 87103
    Telephone: (505) 883-3433
    Facsimile: (505) 855-9520
    mps@sutinfirm.com
    jos@sutinfirm.com
    *Attorneys for Defendant Luis Lopez*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of September, 2022, a true and accurate copy of the foregoing was served via email to the following:

    Todd J. Bullion
    300 Central Ave SE
    Suite #1000E
    Albuquerque, NM 87102
    505-452-7674
    Email: todd@bullionlaw.com

    — and —

    Gubernick Law P.L.L.C
    BENJAMIN GUBERNICK
    10720 W. Indian School Rd
    Ste. 19 PMB 12
    Phoenix, AZ 85037
    734-678-5169
    Email: Ben@gubernicklaw.com

By: */s/ Mariposa Padilla Sivage*
Mariposa Padilla Sivage

6426457.docx