# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MAX ORTEGA III,**

       **Plaintiff,**

  v.

                                          **No. CIV 21-0728 RB/JHR**

**WILLIAM EDGMAN, LOUISE LOPEZ,**
**NEW MEXICO CORRECTIONS DEPARTMENT,**
**and DOES (1–50),**

       **Defendants.**

## REPLY TO "DEFENDANT LUIS LOPEZ'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS ATTACHED TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY [DOC. 34]"

Plaintiff Max Ortega III, by and through his attorneys of record, Gubernick Law, P.L.L.C. (Benjamin Gubernick), and the Law Office of Todd J. Bullion (Todd Bullion), replies to "Defendant Luis Lopez's Response to Plaintiff's Motion to Strike Exhibits Attached to Defendant's Motion for Summary Judgment on the Basis of Qualified Immunity [Doc. 34]". (Doc 43).

## INTRODUCTION

In his response to Plaintiff's Motion to Strike, Defendant fails to offer a basis for admission of most of his exhibits attached to his Motion for Summary Judgment. (Doc. 43) As explained below, Defendant's exhibits should be struck because Defendant failed to authenticate the exhibits, explain how the exhibits meet an exception to the rule against hearsay, or explain how the exhibits offered would be admissible at trial.

## ARGUMENT IN REPLY

**I. Plaintiff objects to all but one of the exhibits attached to Defendant's Motion for Summary Judgment. (Reply to Doc. 43, Argument.I at 2).**

1

Defendant argues that Plaintiff did not comply with D.N.M. LR-Civ. 7.1 because Plaintiff did not seek Defendant's position on the Motion to Strike. (Doc. 43 at 1-2). Plaintiff's Motion to Strike objected to all but one of the exhibits attached to Defendant's Motion for Summary Judgment. (Doc. 34). Plaintiff acknowledges that in an oversight, it did not seek Defendant's position on the Motion to Strike. Contrary to Defendant's argument, however, the failure to seek his concurrence on the Motion to Strike does not require that the Court summarily deny it. (Doc. 43 at 2).

D.N.M. LR-Civ. 7.1(a) states that "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence *may* be summarily denied." (emphasis added). "D.N.M. LR–Civ. 7. 1(a)'s plain language indicates that whether failure to comply with the rule will result in a denial of the motion is a matter of court discretion." *West v. New Mexico Tax'n & Revenue Dep't*, No. CIV 09-0631 JB/CG, 2011 WL 5223010, at *10 (D.N.M. Sept. 30, 2011).

Indeed, "[t]he purpose of Local Rule 7.1(a) is to promote judicial efficiency and economy by precluding the unnecessary filing of motions, responses, and orders. D.N.M. LR-Civ. 7.1(a) encourages parties to work together to prevent the filing of needless motions and helps narrow the scope of briefing to the most important issues, promoting judicial efficiency and improving the quality of the briefs." *Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1080 (D.N.M. 2021) (citations and quotation marks omitted).

Defendant's Motion for Summary Judgment seeks qualified immunity, a defense which would dispose of Plaintiff's cause of action against Defendant. *Cf. Blackford v. Kansas Emp. Sec. Bd. of Rev.*, 938 F. Supp. 739, 741 (D. Kan. 1996) ("A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or

defenses."). Plaintiff filed the Motion to Strike to point out Fed. R. Civ. P. 56(c) deficiencies in the exhibits attached to Defendant's Motion for Summary Judgment and to aid in Plaintiff's opposition of that motion. (Doc. 21); (Doc. 34). Plaintiff's Motion to Strike is not a needless motion, but rather assists in narrowing the important issues at the summary judgment stage, including the admissibility of evidence submitted by Defendant and identifying genuine disputes of material facts. *Cf. Ortiz,* 550 F. Supp. 3d at 1080.

Furthermore, Plaintiff's objection to the exhibits attached to Defendant's Motion for Summary Judgement should require a response from Defendant. "[I]n response to an objection to summary judgment evidence, the proponent of the evidence cannot merely assert that they will be able to produce evidence in an admissible form; rather, they must thoroughly explain the admissible form that they will introduce at trial. Because of the significant impact of summary judgment, it is unfathomable that Rule 56 would allow a court to consider evidence that may not be admissible at trial." *Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1321 (D.N.M. 2012).

Based on the foregoing, Plaintiff requests that the Court exercise its discretion under D.N.M. LR-Civ. 7.1(a) and not summarily deny Plaintiff's Motion to Strike. (Doc. 34). *E.g. Bean v. Curry Cnty. Bd. of Cnty. Commissioners*, No. CV 10-443 JP/CG, 2010 WL 11619146, at *4 (D.N.M. Aug. 11, 2010) (deciding that "in the interests of the parties not to summarily deny the pending [motion] for failure to comply with Local Rule 7.1(a)" and issuing a reminder that the defendants "comply with Local Rule 7.1(a) in the future to avoid any possibility of having a motion summarily denied."); *Bank of Am., N.A. v. Lebreton*, No. CIV 14-0319 JB/KBM, 2015 WL 2226266, at fn. 27 (D.N.M. Apr. 20, 2015) (declining to deny a motion as a sanction for noncompliance with the "meet-and-confer requirement" of D.N.M. LR–Civ. 7.1(a) because such a sanction was not necessary, and because of the plaintiff's explanation for its noncompliance.).

3

**II. Exhibit A should be struck. (Reply to Doc. 43, Argument.II at 3-4).**

Defendant responds that Exhibit A, the police report, is authentic because: (1) Sheriff's Deputy Trubert Flowers and Sergeant Jeffrey Montoya created the report; (2) Under Sheriff Baca, who appears as the "Approving Supervisor" within the report, was authorized to certify the report. (Doc. 43 at 2-3).

Domestic public documents are self-authenticating if sealed and signed or if signed and certified. *See* Rule 902(1)-(2). Even if the signature of the reporting police officers as part of the police report constitutes a signature for purposes of Rule 902, Exhibit A does not bear a seal or certification. Without a seal or certification, Exhibit A does not comply with Rule 902 and is not properly authenticated.

Defendant argues that the police report is a record of a regularly conducted activity and is an exception to the rule against hearsay pursuant to Rule 803(6). (Doc. 43 at 3-4). However, to be admissible as a record of a regularly conducted activity, Defendant must establish "by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification" that "the record was made at or near the time by--or from information transmitted by--someone with knowledge;" "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;" and "making the record was a regular practice of that activity[.]" Defendant has not established that the police report fulfills the requirements of Rule 803(6) by testimony or certification.

To the extent Defendant argues that Plaintiff did not show the document lacks trustworthiness or which statements constituted hearsay, Defendant's argument is misplaced. (Doc. 43 at 3-4). Defendant failed to authenticate the police report or establish that the police report

was self-authenticating—a prerequisite to admission of evidence on his motion for summary judgment. *In re Wickens*, 416 B.R. 775, 776–77 (Bankr. D.N.M. 2009) ("Any documentary evidence submitted in support of summary judgment must either be properly authenticated or self-authenticating under the Federal Rules of Evidence."). Furthermore, Defendant does not offer any explanation of how the police report or content of the police report would be admissible at trial. *Zia Park, LLC*, 842 F. Supp. 2d at 1321.

Defendant also asserts that the police report is not offered for the truth, but to establish why the safekeeping order was entered. (Doc.43 at 4). The state district court's basis for entry of the safekeeping order, however, is immaterial and irrelevant to the case at hand. Plaintiff's initial placement in solitary confinement was based on the four corners of the safekeeping order, which does not reference the police report offered by Defendant. (Doc. 21 Ex. C).

In all, Defendant neither authenticated Exhibit A nor established that Exhibit A qualifies as an exception to the rule against hearsay. Exhibit A should be struck.

## III. Exhibits B, F, G, H, I, J, K, and L should be struck. (Reply to Doc. 43, Argument.III at 4-7 and Argument.V. at 9).

Defendant argues that Exhibits B, F, G, H, I, J, K, and L are authentic because the documents can be accessed by the Court for comparison and, as such, no seal, signature, certification, affidavit, or witness testimony is necessary. (Doc. 43 at 5)

Rule 901(b)(7) requires evidence that "a document was recorded or filed in a public office as authorized by law" or evidence that a "public record…is from the office where items of this kind are kept." *See also* Fed. R. Evid. 901, Advisory Committee Notes, 1972 Proposed Rules, note to Subdivision (b), Example 7 ("Public records are regularly authenticated by proof of custody, without more."). Defendant broadly argues that these exhibits are authentic because the Court may

independently access the documents. (Doc. 43 at 8). Defendant's argument, however, does not satisfy the authenticity requirement of Rule 901(b)(7).

Next, Defendant generally argues that the exhibits are offered for a non hearsay purpose—to provide context to the safekeeping order. (Doc. 43 at 5). Defendant's argument is inapposite. Plaintiff's initial placement in solitary confinement by Defendant was based on the four corners of the safekeeping order, which does not reference Exhibits B, F, G, H, I, J, K, and L. (Doc. 21 Ex. C). As a result, Defendant's argument fails.

Based on the foregoing, Defendant has not established the authenticity of Exhibits B, F, G, H, I, J, K, and L under Rule 901(b)(7). Further, Defendant's explanation that the documents are not hearsay is unreasonable given the content of the safekeeping order does not reference these exhibits. (Doc. 21 Ex. C). Based on the foregoing, Exhibits B, F, G, H, I, J, K, and L should be struck.

**IV. Exhibit D should be struck. (Reply to Doc. 43, Argument.IV at 7-9).**

Defendant does not address the issue of Plaintiff's unredacted social security number on Exhibit D. Plaintiff acknowledges that the document was produced by Defendant in its disclosures to Plaintiff, but with the social security number and date and month of birth redacted. [NMCD_00070] This production, however, does not cure Defendant's failure to authenticate the documents attached to his own summary judgment motion. *Kidd v. City of Albuquerque, New Mexico*, No. 04-CV-1355 MCA/ACT, 2006 WL 8431530, at *9 (D.N.M. Mar. 31, 2006) ("However, simply because the Defendants produced the documents does not make them authentic—production does not equate to authentication.") (brackets and quotation marks omitted). Defendant's argument that Exhibit D is authentic because Plaintiff used documents produced by Defendant in its response to the motion for summary judgment also fails. In *L. Co. v.*

*Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009), the Tenth Circuit held that "documents produced during discovery that are on the letterhead *of the opposing, producing party are authentic per se* for purposes of Federal Rule of Evidence 901."). Plaintiff, therefore, may use documents produced by Defendant without further authentication. Defendant, however, cannot. *Id*.

Based on the foregoing, Defendant has offered no basis for admission of Exhibit D, and accordingly, it should be struck.

**V. Exhibit E should be struck. (Reply to Doc. 43, Argument.IV at 7-9).**

Defendant argues that the letterhead or logo of Exhibit E is a seal, and that the signature of the Secretary of Corrections meets the authentication requirement of Rule 902(1). (Doc. 43 at 7-8). Not so. A seal is an impression made on a document to certify it as authentic. *Pillow v. Roberts*, 54 U.S. 472, 474, 14 L. Ed. 228 (1851). Defendant cites no legal authority for his claim that an organization's letterhead and pre-printed signature meets that requirement.

Next, Defendant generally argues that Exhibit E falls within the Rule 803(8)'s exception to the rule against hearsay. Rule 803(8)(A)(i)-(iii) states that a public record is a record or statement of a public office if "it sets out [] the office's activities; [] a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or [] in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation[.]" Pursuant to the second prong of Rule 803(8)(B), a public record will be an exception to the rule against hearsay if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

Although Exhibit E is available online to the public, Defendant does not explain which subsection of Rule 803(8) applies to Exhibit E. Nonetheless, Defendant contends that Exhibit E

governs procedures that he was required to comply with. (Doc. 21, UMF ¶15). Yet, Plaintiff disputes that Defendant was required to comply with Exhibit E. (Doc. 35, UMF ¶15). Plaintiff established that Defendant maintained discretion to deviate from the policy outlined in Exhibit E and did so after publicity regarding the length and conditions of Plaintiff's confinement. (Doc. 35 Argument.I.A. at 10-15).

Based on the foregoing, Exhibit E does not meet the standard for a public record for purposes of Rule 803(8) and lacks trustworthiness pursuant to Rule 803(8)(B). Exhibit E should be struck.

## CONCLUSION

Defendant fails to offer proper authentication or foundation for admissibility for all exhibits except for Exhibit C.  The Court should strike all exhibits, except for Exhibit C, and strike from Defendant's Motion for Summary Judgement all undisputed material facts that cite the excluded exhibits.

Respectfully submitted,

/s/ Benjamin Gubernick
Benjamin Gubernick
Gubernick Law, P.L.L.C.
10720 W. Indian School Rd.
Ste. 19 PMB 12
Phoenix, AZ 85037
623-252-6961
Ben@gubemicklaw.com

/s/ Todd J Bullion
Todd J. Bullion
Law Office of Todd J. Bullion
300 Central Ave SW
Ste. l000E
(505) 452-7674
todd@bullionlaw.com

## CERTIFICATE OF SERVICE

8

I hereby certify that on this 15th day of September 2022, a true and accurate copy of the

foregoing was served electronically via the CM/ECF system:

Mariposa Padilla Sivage
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
Facsimile: (505) 855-9520
mps@sutinfirm.com

--and--

John Field Simms Stiff P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
Facsimile: (505) 855-9520
Email: jos@sutinfirm.com

By: /s/Todd J. Bullion
        Todd J. Bullion