IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAX ORTEGA III,

    Plaintiff,

                                                                                  Case No: 1:21-cv-00728 RB-JHR

WILLIAM EDGMAN,
LOUISE LOPEZ,
NEW MEXICO CORRECTIONS
DEPARTMENT, and DOES (1-50),

    Defendants.

**DEFENDANT LUIS LOPEZ'S SUPPLEMENTAL BRIEFING ON MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR STAY AND MEMORANDUM IN SUPPORT THEREOF ON THE BASIS OF QUALIFIED IMMUNITY**

Defendant Luis Lopez, by and through his counsel of record, Sutin, Thayer & Browne, APC (Mariposa Padilla Sivage and Christina M. Looney) pursuant to the Court's *Order for Supplemental Briefing* (Doc. 48) and *Order Granting Unopposed Motion to Extend Deadline for Supplemental Briefing on Defendant Luis Lopez' Motion for Summary Judgement* (Doc. 51), respectfully submits the following supplemental briefing to the Court:

    **I.**    **NMCD Policy CD-141500 (the Restrictive Housing Policy) does not establish or govern timeframes for the housing and management of county jail inmates pursuant to a Safekeeping Order.**

CD-141500 (the Restrictive Housing Policy) contains specific guidelines and timeframes for the Restrictive Housing of NMCD inmates in three distinct categories: 1) Restrictive Housing of inmates for disciplinary or Pre Hearing Detention reasons (*id*., "POLICY", ¶ 1); 2) temporary Restrictive Housing for the purposes of transfer to another facility (*id*., "POLICY", ¶ 2); and 3) temporary Restrictive Housing for the purposes of placement in Special Management Program (*id*., "POLICY", ¶ 3). Significantly, CD-141500 does not establish timeframes for the Restrictive

1

Housing of county jail inmates housed by NMCD pursuant to a Safekeeping Order. (*Id., generally*.) Indeed, that is because NMCD has a separate policy and procedure for the housing and management of county jail inmates for safekeeping, which are CD-143500 (Safekeeping of County Jail Inmates Policy) and CD-143501 (Safekeeping of County Jail Inmates Procedure). (*See* Doc. 21-5.)

Pursuant NMCD Policy CD-143500, NMCD will provide housing for certain county jail inmates charged with the commission of a crime for the purpose of safekeeping while awaiting trial. (*See* Doc. 21-5, p. 1, "POLICY".) CD-143501 (the Safekeeping Procedure) states that NMCD will receive only those county jail inmates whose placement in an institution has been ordered by a district judge. (Doc. 21-5, p. 2 (CD-143501 Procedure, ¶ A.); see also NMSA 1978 §33-3-15. CD-143501 requires NMCD institutions receiving county jail inmates for safekeeping to segregate the inmate from the general population and place the inmate in Restrictive Housing status (RHU). (*See* Doc. 21-5, p. 2 (CD-143501 Procedure, ¶ B "[t]he institution receiving the inmate for safekeeping will segregate the inmate from the general population and place the inmate in Restrictive Housing status."; *see also* Doc. 21, p. 5 (UMF No. 12); Doc. 35, p. 5, ¶ 12 ("Plaintiff does not dispute UMF #12.")

Accordingly, it is a district court's Safekeeping Order, which in this instance mandated Plaintiff's housing by NMCD during the pendency of his criminal case pursuant to NMSA 1978 §33-3-15[1], that dictates the length of time a county jail inmate is placed into an NMCD institution and, consequently, into RHU.

---

[1] *See* Order Granting State's Motion to Review Conditions of Release and Transfer of Prisoner to the Penitentiary (the "Safekeeping Order") (Doc. 21-3).

    **II.**    **County jail inmates housed by NMCD pursuant to a Safekeeping Order are not placed into RHU for "disciplinary or Pre Hearing Detention reasons" pursuant to CD-141500 (the Restrictive Housing Policy).**

With respect to the housing of inmates for disciplinary or Pre Hearing Detention reasons, CD-141500 (the Restrictive Housing Policy) states that "[i]nmates will not be placed in Restrictive Housing for disciplinary or Pre Hearing Detention reasons for more than 30 days, per incident." (Doc. 35-1, p. 3 ("POLICY", ¶ 1.)  CD-090100 (Inmate Discipline Policy) sets forth the written guidelines for resolving minor inmate infractions, which includes a written statement of the rule violated, an investigation, and a disciplinary hearing. (*See* CD-090100 (Inmate Discipline), https://www.cd.nm.gov/wp-content/uploads/2022/05/CD-090100.pdf, (revised May 28, 2019.))  CD-090100 and the guidelines for the Restrictive Housing of inmates for disciplinary or Pre Hearing Detention set forth in CD-141500 apply in instances of rule violations by inmates who are in NMCD custody, not to county hold inmates housed pursuant to a Safekeeping Order.

    CD-090100 defines the term "Disciplinary Restrictive Housing" as "[t]he placement of an inmate in a cell restriction with limited privileges as a result of being found guilty on a misconduct report." (*Id.*, p. 3, ¶ F.)  Importantly, an inmate can be placed in disciplinary detention for a rule violation "<u>only after a hearing by the Hearing Officer</u>." (*Id.*, p. 8, ¶ EE.)  (emphasis added.)  CD-090100 also defines "Pre-Hearing Detention (PHD)" as the "placement of an inmate after alleged misconduct, but prior to a finding of guilty, in a more secure location in order to control his or her behavior if he or she poses a threat to the security of the institution." (*Id.*, p. 4, ¶ M.)  An inmate's placement in RHU for "disciplinary or Pre Hearing Detention Placement" pursuant to CD-141500, thus, applies only in instances where an inmate in the custody of NMCD has received a misconduct report and poses an escape risk or a threat to the security of the institution, public, other inmate,

3

staff or others (CD-090101, ¶E.2), or the inmate has been found guilty of misconduct report (*See* CD-141500, https://www.cd.nm.gov/wp-content/uploads/2022/10/CD-141500.pdf, (revised August 23, 2019), Form CD-141500.1.)

County jail inmates being housed by NMCD for safekeeping are placed into RHU pursuant to CD-143500 (the Safekeeping Policy) and CD-143501 (the Safekeeping Procedure). County jail inmates housed by NMCD for safekeeping do not fall within the definition of inmates of NMCD who are placed into RHU for "disciplinary or Pre Hearing Detention Placement" pursuant to CD-141500. [2] It is CD-143500 and CD-143501 – <u>not</u> CD-141500 (the Restrictive Housing Policy) – that apply to the housing and management of county jail inmates by NMCD pursuant to a Safekeeping Order.

**III.   The interplay between NMCD Policies CD-143500-143501 (the NMCD Safekeeping Policy) and CD-141500 (the Restrictive Housing Policy) is limited to CD-143501 (the Safekeeping Procedure) requiring county jail inmates held for safekeeping to abide by the policies and procedures of the receiving institution or those governing Restrictive Housing inmates.**

Significantly, CD-141500 (the Restrictive Housing Policy) does not, in any way, reference CD-143500 (the Safekeeping Policy) or CD-143501 (the Safekeeping Procedure). (*See* Doc. 35-1, *generally*.)  CD-141500 does not cite CD-143500 (the Safekeeping Policy) as the applicable authority[3], nor does it reference the restrictive housing of county jail inmates held for safekeeping pursuant to a district court's order. There is no mention whatsoever to CD-143500 or CD-143502 or safekeeping of county jail inmates within CD-141500 (the Restrictive Housing Policy), which

---

[2] Likewise, county jail inmates that are housed by NMCD for safekeeping pursuant to CD-143500 do not fall within the definition of inmates placed in temporary Restrictive Housing for the purposes of transfer to another facility or for the purposes of placement in Special Management Program pursuant to CD-141500.

[3] CD-141500 lists Section 33-1-6 NMSA as its authority. (*See* Doc. 35-1, p. 1 "AUTHORITY".)

4

applies to inmates who have been ordered to the custody of NMCD after adjudication of their charges. (*See* Doc. 35-1, *generally*.)

It should be noted that Plaintiff's Response (Doc. 35) makes the incorrect assertion that the Safekeeping Policy (CD-143501) lists CD-141500 (the Restrictive Housing Policy) as its authority. (*See* Doc. 35, p. 11.)  This is incorrect.  The Safekeeping Policy (CD-143500) lists Section 33-3-15 NMSA, as amended and Policy CD-010100 as its authority. (*See* Doc. 21-5, p. 1 "AUTHORITY".)  In turn, CD-143501 (the Safekeeping Procedure) lists CD-143500 (the Safekeeping Policy) as its authority. (*See* Doc. 21-5, p. 2 "AUTHORITY".)  There is no reference whatsoever to CD-141500 (the Restrictive Housing Policy) within CD-143500 (the Safekeeping Policy).

CD-143501 (the Safekeeping Procedure) does make reference to CD-141500 (the Restrictive Housing Policy) insofar as it requires "[c]ounty jail inmates will abide by the policies and procedures of the receiving institution or those governing Restrictive Housing inmates (*CD-141500*)." (Doc. 21-5, p. 2, ¶C.)  However, the interplay between CD-143501 (the Safekeeping Procedure) and CD-141500 (the Restrictive Housing Policy) is limited to CD-143501 (the Safekeeping Procedure) requiring county jail inmates who are housed by NMCD for safekeeping to abide by the receiving institution (in this case, the Central New Mexico Correction Facility)'s policies and procedures, or those governing Restrictive Housing inmates (CD-141500).  This requirement does not alter the requirement in CD-143501 (the Safekeeping Procedure) that county jail inmates being housed by NMCD for safekeeping are to be segregated from the general population and placed into RHU.

**IV.     Plaintiff did not have any right to periodic reviews of his placement in RHU pursuant to NMCD's Restrictive Housing Policy.**

CD-143501 (the Safekeeping Procedure) states that NMCD will receive only those county jail inmates whose placement in an institution has been ordered by a district judge. (Doc. 21-5, p. 2 (CD-143501 Procedure, ¶ A.) CD-143501 requires that NMCD institutions receiving county jail inmates for safekeeping to segregate the inmate from the general population and place the inmate Restrictive Housing Status. (*Id.* (CD-143501 Procedure, ¶ B.)

The guidelines in CD-141500 (the Restrictive Housing Policy) are applicable to county jail inmate housed for safekeeping only with respect to the conditions of the inmate's confinement while in RHU. (*See* Doc. 35-1, CD-14350, p. 4, ¶ 7 ("Inmates in Restrictive Housing will have the opportunity to shave and shower at least three times per week. [4-4262]."), ¶ 8 ("Inmates in Restrictive Housing will receive a minimum of one hour exercise per day outside tier cells, five days per week, unless security or safety considerations dictate otherwise. [4-4270].") The provisions of CD-141500 (the Restrictive Housing Policy) requiring periodic reviews of an inmate's placement into Restrictive Housing (*id.* ¶¶ 5-6) do not apply to county jail inmates being housed by NMCD for safekeeping under CD-143500 and CD-143501.

Here, the undisputed material facts establish that Plaintiff was a county jail inmate who was transferred to an NMCD facility pursuant to a Safekeeping Order. (*See* Doc. 21, p. 4 (UMF No. ¶7); Doc. 35, p. 4, ¶7 ("Plaintiff does not dispute UMF #7."); *see also* NMSA 33-3-15 (stating any person in the custody of the sheriff of any county…be removed to the state penitentiary).) The Safekeeping Order mandated Plaintiff's housing by NMCD <u>during the pendency of his criminal case</u> pursuant to NMSA 1978 §33-3-15 (*See* Doc. 21-3). In accordance with CD-143500, Plaintiff was segregated from the general population and placed into RHU during the time he was housed

6

by NMCD for safekeeping. (Doc. 21-5, p. 2 (CD-143501 Procedure, ¶ B.) Plaintiff's placement in RHU was governed by the district court's Safekeeping Order, CD-143500 and CD-143501.

Neither CD-143500 (the Safekeeping Policy) nor CD-143501 (the Safekeeping Procedure), nor CD-141500 (the Restrictive Housing Policy) provided Plaintiff any right to have periodic reviews of his placement into RHU while he was being housed by NMCD pursuant to the Safekeeping Order. There is no NMCD policy providing for the review of a county jail inmate's placement into RHU, or the length of his placement in RHU. While CD-141500 (the Restrictive Housing Policy) states that "Restrictive Housing is a temporary placement, *not* a long term program." it is district court's Safekeeping Order that governs the length of a county jail inmate's placement into an NMCD institution and, ergo, into RHU. NMCD officials, including Defendant Lopez, do not have the authority to override the district court's Safekeeping Order or NMCD's safekeeping policy.[4]

Accordingly, for the reasons set forth herein and in Defendant Luis Lopez' Motion for Summary Judgment on the Basis of Qualified Immunity (Doc. 21) and Reply thereto (Doc. 44), Defendant Luis Lopez' requests the Court grant his Motion for Summary Judgment on the Basis of Qualified Immunity.

---

[4] See CD-000100, Adoption of Rules, Policies and Procedures, https://www.cd.nm.gov/wp-content/uploads/2022/06/CD-000100.pdf (revised January 13, 2017) defining "Procedure: Instructions of how a policy is to be implemented, which is designed to communicate in more detail than the policy the process governing specific operations."

Respectfully Submitted,

SUTIN, THAYER & BROWNE, APC

By: */s/ Mariposa Padilla Sivage*
    Mariposa Padilla Sivage
    Christina M. Looney
    P.O. Box 1945
    Albuquerque, NM 87103
    Telephone: (505) 883-3433
    Facsimile: (505) 855-9520
    mps@sutinfirm.com
    cml@sutinfirm.com
    *Attorneys for Defendant Luis Lopez*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Defendant Luis Lopez's Supplemental Briefing on Motion for Summary Judgment and Request for Stay and Memorandum in Support Thereof on the Basis of Qualified Immunity* was served, via the Court's CMECF system and email, to all counsel of record on the 16th day of December, 2022.

    Todd J. Bullion
    300 Central Ave SE
    Suite #1000E
    Albuquerque, NM 87102
    505-452-7674
    Email: todd@bullionlaw.com

    —and —

    Gubernick Law P.L.L.C
    BENJAMIN GUBERNICK
    10720 W. Indian School Rd
    Ste. 19 PMB 12
    Phoenix, AZ 85037
    734-678-5169
    Email: Ben@gubernicklaw.com

By: */s/ Mariposa Padilla Sivage*
    Mariposa Padilla Sivage

6523321